UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KAITLYN P.D.,[1]

                         Plaintiff,                5:24-cv-00110 (BKS)

v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

---

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 S. Clinton St., Ste. 210
Syracuse, NY 13202

*For Defendant:*
Geoffrey M. Peters
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.   INTRODUCTION

Presently before the Court is a motion by Plaintiff's counsel, the Olinsky Law Group, for

$5,820.00 in attorney's fees under 42 U.S.C. § 406(b)(1), following Plaintiff's receipt of a

"Notice of Award" of past-due benefits. (Dkt. No. 15; Dkt. No. 15-1). The Commissioner of

Social Security "neither supports nor opposes counsel's request for attorney's fees," asserting

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

1

that it "is for the Court to decide" whether the request is reasonable. (Dkt. No. 17, at 1). For the reasons that follow, the motion is granted.

## II.    FACTS

On January 22, 2024, Plaintiff signed a fee agreement hiring the Olinsky Law Group to represent her on a contingency-fee basis, whereby Plaintiff agreed to a fee of up to 25% of any past-due benefits awarded. (Dkt. No. 15-2, at 2). On January 24, 2024, Plaintiff filed this action under 42 U.S.C. § 405(g) seeking review of the Commissioner's denial of her application for Social Security Disability Insurance benefits. (Dkt. No. 1). On April 18, 2024, the Court "So Ordered" the parties' "Stipulation for Remand," remanding this matter to the Administrative Law Judge to take further action as necessary to complete the administrative record, to offer Plaintiff the opportunity for a hearing, and for the issuance of a new decision. (Dkt. Nos. 9, 10, 11).

In a Notice of Award dated September 7, 2025, the Social Security Administration ("SSA") notified Plaintiff that she had been found disabled as of June 10, 2020, awarded past-due benefits, and indicated that Plaintiff's first monthly payment would be for August 2025. (Dkt. No. 15-3, at 2-3). The Notice of Award further advised that Plaintiff's first check would be for $53,721.00, representing the money due to Plaintiff through July 2025. (*Id.* at 2). Regarding "Representative Fees," the Notice stated that "25 percent of past due benefits"—$17,907.00— had been withheld "in case we need to pay your lawyer." (*Id.* at 4).

The Olinsky Law Group now moves for $5,820.00 in attorney's fees,[2] asserting that its "attorneys and paralegals logged 6.9 hours representing Plaintiff before this court." (Dkt. No. 15-

---

[2] The Olinsky Law Group indicates it "will be filing a fee petition for the work at the administrative level in the amount of $9,200.00." (Dkt. No. 15-1, ¶ 6).

1, ¶¶ 7, 9). "Of this time, 2.7 hours were attorney time and 4.2 hours were paralegal time." (*Id.* ¶ 9). "If the paralegal time is billed at $100 an hour and deducted, the effective hourly attorney rate is $2,000." (*Id.*).[3]

### III.    DISCUSSION

Section 406(b)(1) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has stated that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Second Circuit has "held that 'where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 852–53 (2d Cir. 2022) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (1990)). "In evaluating the reasonableness of the contingency agreement in a given case," a court must "determine whether the contingency percentage is within the 25% cap . . . whether there has been fraud or overreaching in making the agreement, and . . . whether the requested amount

---

[3] Plaintiff previously moved for, and was awarded by Stipulation and Order, $1,081.27 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 14). The Olinsky Law Group states that upon receipt of attorney's fees under section 406(b), it will refund the attorney fee of $1,081.27 under the EAJA. (Dkt. No. 15-1, at 3).

is so large as to be a windfall to the attorney." *Id.* at 853 (quotation marks omitted). The Second Circuit has "explained that a court may reduce the amount of attorney's fees 'provided it states the reasons for and the amounts of the deductions.'" *Id.* (quoting *Wells*, 907 F.2d at 372).

Factors a court "might consider in conducting this reasonableness analysis" include (1) "the character of the representation and the results the representative achieved"; (2) whether 'the attorney is responsible for delay,' lest the attorney 'profit from the accumulation of benefits' during a delay that the attorney caused"; and (3) whether "'the benefits are large in comparison to the amount of time counsel spent on the case'—the so-called 'windfall' factor." *Id.* at 853. (quoting *Gisbrecht*, 535 U.S. at 808). When determining whether an award of attorney's fees constitutes a windfall, the factors courts have considered include: "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Fields*, 24 F.4th at 854.

Here, the Olinsky Law Group seeks an award of $5,820.00 in attorney's fees, which represents a portion of the 25% contingency fee arrangement between Plaintiff and Plaintiff's counsel. (*See* Dkt. No. 15-2). The Olinsky Group notes that attorneys and paralegals at their firm spent a total of 6.9 hours on the matter before this Court, including 2.7 hours of attorney time, and the effective hourly attorney rate is $2,000. (*See* Dkt. No. 15-1 at ¶ 9). While $2,000 per hour "is an unusually high hourly rate in a Social Security case, the Court, guided by the Second Circuit's decision in *Fields*, must look beyond the *de facto* hourly rate in determining the reasonableness of the requested fee." *See Mileke W. v. Comm'r of Soc. Sec.*, No. 22-cv-1387, 2025 WL 1951822, at *2, 2025 U.S. Dist. LEXIS 135142, at *5 (N.D.N.Y. July 16, 2025). The amount requested, $5,820.00, represents approximately eight percent of the past-due benefits

4

award, which is "well below the twenty-five percent statutory cap." *See id.* Further, while the Olinsky Law Group did not provide details about the experience of the two attorneys who worked on this case, courts in the Second Circuit have recognized that Plaintiff's counsel "has extensive experience practicing social security law and representing claimants before the Social Security Administration and in the United States District Court." *See Regina M. v. Comm'r of Soc. Sec.*, No. 21-cv-00295, 2024 WL 1639845, at *2, 2024 U.S. Dist. LEXIS 68687, at *5 (N.D.N.Y. Apr. 16, 2024) (citation omitted); *see also Brockington v. Comm'r of Soc. Sec.*, No. 21-cv-2178, 2024 WL 3639219, at *3, 2024 U.S. Dist. LEXIS 114713, at *8 (S.D.N.Y. June 28, 2024) ("Courts in this District have also recognized the impressive experience of Olinsky's firm more broadly."), *report and recommendation adopted,* No. 21-cv-2178, 2024 WL 3639192, 2024 U.S. Dist. LEXIS 137533 (S.D.N.Y. Aug. 2, 2024). The Court therefore concludes the "specialization and expertise" of the attorneys who worked on this case "enabled them to operate especially efficiently" in this case, obtaining an order of remand in 2.7 hours of attorney time. *Fields*, 24 F.4th at 854. Where, as here, the specialization and experience of the firm and the attorneys enabled them to work efficiently and obtain a remand stipulation for their client, "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." *Id.* Given the level of experience and counsel's success in procuring a stipulation, the Court concludes that that awarding an hourly rate of $2,000.00 would not constitute a windfall in this case. *See Mileke W.*, 2025 WL 1951822, at *3, 2025 U.S. Dist. LEXIS 135142, at *6-7 (approving hourly rate of $2,000.74 for attorney time where plaintiff was represented by Olinsky Law Group, "[g]iven the contingent nature of the representation, the contract between [the p]etitioner and [the p]laintiff, the absence of objections to the requested fee by the Commissioner or [the p]laintiff, and analysis of all the factors to be considered").

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for attorney's fees (Dkt. No. 15) in the amount of

$5,820.00 is **GRANTED.**

**IT IS SO ORDERED.**

Dated:  <u>March 10, 2026</u>
         Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge